UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| NICHOLAS MISSO, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE CANNON CORPORATION d/b/a CANNONDESIGN,<br><br>　　　　　　Defendant. | Civil Action No. 6:24-cv-06525-CJS |



## [PROPOSED] AMENDED PRELIMINARY APPROVAL ORDER

Before the Court is a Joint Motion to Vacate the Court's Prior Preliminary Approval Order and Enter an Amended Preliminary Approval Order of the Class Action Settlement (**Doc. No. 18**) (the "Motion"). In addition to vacating the Court's prior Preliminary Approval Order (Doc No. 16), the Motion seeks an amended Order approving the Class Action Settlement Agreement (Doc No. 15-2; the "Settlement Agreement"), including Exhibits A, B, C and E attached thereto, entered into by Plaintiff Nicholas Misso ("Plaintiff") and The Cannon Corporation d/b/a CannonDesign ("Defendant" or "Cannon") (together, the "Parties").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1. **Preliminary Approval Order Entered July 14, 2025**. The Preliminary Approval Order entered on July 14, 2025 (Doc No. 16) is hereby vacated.

2. **Class Certification for Settlement Purposes Only**. The Settlement Agreement

---

[1] All defined terms in this Order Granting Amended Preliminary Approval of Class Action Settlement ("Amended Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

provides for a Settlement Class defined as follows:

> All individuals residing in the United States whose PII was compromised in the Data Incident that occurred in January 2023, including all those individuals who received notice of the Data Incident.

Specifically excluded from the Settlement Class are:

> (1) the judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

Pursuant to Federal Rules of Civil Procedure 23(e)(1), the Court finds that giving notice is justified. The Court finds that it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds that it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all of the requirements of Rule 23(a) and the requirements of Rule 23(b)(3). Specifically, the Court finds for settlement purposes that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representative are typical of and arise from the same operative facts and the Class Representative seeks similar relief as the claims of the Settlement Class Members; (d) the Class Representative will fairly and adequately protect the interests of the Settlement Class as the Class Representative has no interests antagonistic to or in conflict with the Settlement Class and have retained experienced and competent counsel to prosecute this Litigation on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this Litigation.

3.     **Settlement Class Representative and Settlement Class Counsel**. The Court finds that Plaintiff will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as the Class Representative. Additionally, the Court finds that Cassandra P. Miller of Strauss Borrelli PLLC and James Bilsborrow of Weitz & Luxenberg, P.C. will likely satisfy the requirements of Rule 23(e)(2)(A) and should be appointed as Class Counsel pursuant to Rule 23(g)(1).

4.     **Preliminary Settlement Approval**. Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly is preliminarily approved. In making this determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of any collusion in the Settlement, the effectiveness of the proposed method for distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the Settlement's equitable treatment of the Settlement Class Members, and all of the other factors required by Rule 23 and relevant case law.

5.     **Jurisdiction**. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

6.     **Final Approval Hearing**. A Final Approval Hearing shall be held on DECEMBER 15, 2025, at 1:30 p.m., at the United States District Court for the Western District of New York, Rochester Division, 100 State Street, Rochester, NY 14614, where the Court will determine, among other things, whether: (a) this Litigation should be finally certified as a class action for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (b) the Settlement should be

approved as fair, reasonable, and adequate, and finally approved pursuant to Fed. R. Civ. P. 23(e); (c) this Litigation should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of Attorneys' Fees, Costs, and Expenses should be approved pursuant to Fed. R. Civ. P. 23(h); and (f) the application of the Class Representative for a Service Award should be approved.

7. **Settlement Administrator**. The Court appoints Simpluris as the Settlement Administrator, with responsibility for class notice and settlement administration. The Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

8. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, and C** are hereby approved, subject to amendments to deadlines set forth in the Settlement Timeline below. Non-material modifications to these Exhibits may be made by the Settlement Administrator in consultation and agreement with the Parties, but without further order of the Court.

9. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the notice program and the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the

Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members and other persons entitled to receive notice; (d) meet all applicable requirements of law, including Federal Rule of Civil Procedure 23(c); and (e) and meet the requirements of the Due Process Clause(s) of the United States and New York Constitutions. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the notice program in conformance with the Settlement Agreement.

10. **Class Action Fairness Act Notice**. Within ten (10) days after the filing of the Motion (Doc. No. 18), the Settlement Administrator acting on behalf of Defendant shall have served or caused to be served a notice of the proposed Settlement on appropriate officials in accordance with the requirements under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715(b).

11. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit written notice of such intent to opt out to the designated Post Office box established by the Settlement Administrator in the manner provided in the Notice. The written notice must clearly manifest a Person's intent to be excluded from the Settlement Class. To be effective, such requests for exclusion must be postmarked no later than the Opt-Out Date, which is no later than sixty (60) days from the date on which the notice program commences, and as stated in the Notice.

If Defendant voids the Settlement Agreement according to its terms, Defendant will be obligated to pay all settlement expenses already incurred, excluding any attorneys' fees, costs, and

expenses of Class Counsel and the Service Award to the Class Representative and shall not, at any time, seek recovery of same from any other party to the Litigation or from counsel to any other party to the Litigation.

The Settlement Administrator shall promptly furnish to Class Counsel and to Defendant's counsel a complete list of all timely and valid requests for exclusion (the "Opt-Out List").

If a Final Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Order and Judgment. All Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

12.     **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written notice of his or her objection by the Objection Date and as stated in the Notice. The Long Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file or mail their objections with the Court and to e-mail copies to Class Counsel and Defendant's counsel. The Notice shall advise Settlement Class Members of the deadline for submission of any objections—the "Objection Date." Any such notices of an intent to object to the Settlement Agreement must be written and must include all of the following: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address, and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection and a description of whether the objection applies only to the Settlement Class Member, a subset of the Settlement Class, or the entire Settlement Class; (iv) the identity of any attorneys representing the objector (if any), as well as a description of the attorney's

background and prior experience, the amount of anticipated fees and method of calculation, the attorney's hourly rate, and the number of hours spent working; (v) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vi) a description and/or copies of evidence that may be introduced at a fairness hearing; (vii) a list of proceedings in which the Settlement Class Member has submitted an objection during the past five years; and (viii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Litigation. The provisions stated in Paragraph 84 of the Settlement Agreement are the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement, the final order approving this Settlement Agreement, or the Final Order and Judgment to be entered upon final approval shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

13.     **Claims Process**. Settlement Class Counsel and Defendant have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice.

The Settlement Administrator will be responsible for effectuating the claims process. Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice and the Claim Form. If

the Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Order and Judgment, including the releases contained therein.

14. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing before the Court entered this Preliminary Approval Order and before they entered the Settlement Agreement, if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; (c) there is no Effective Date; or (d) the terms of the Settlement Agreement otherwise provide for the Parties to be restored to their respective positions as stated above. In such event, (i) the Parties shall be restored to their respective positions in the Litigation and shall jointly request that all scheduled Litigation deadlines be reasonably extended by the Court so as to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

15. **Use of Order**. This Preliminary Approval Order shall be of no force or effect if the Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability. Nor shall this Preliminary Approval Order be construed or used

as an admission, concession, or declaration by or against the Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claims they may have in this Litigation or in any other lawsuit.

16.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Fairness Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

17.     **Stay of Litigation.** All proceedings in the Litigation, other than those related to approval of the Settlement Agreement, remain stayed. Further, any actions brought by Settlement Class Members concerning the Released Claims are hereby enjoined and stayed pending Final Approval of the Settlement Agreement.

18.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

[INTENTIONALLY LEFT BLANK – SCHEDULE APPEARS ON NEXT PAGE]

## SETTLEMENT TIMELINE

| Event | Deadline / Date |
|---|---|
| CAFA Notice per 28 U.S.C. § 1715 by Claims Administrator | 10 Days After Filing of this Motion |
| Initial Payment to Claims Administrator | August 20, 2025 (¶ 55) |
| Class Notice Deadline – Dissemination of Short Form Notice / Postcards and Email Notice (The Long Form Notice will be posted on the Settlement Website) | August 27, 2025 (¶¶ 29, 30) |
| Defendant to Provide Confidential Declaration re Data Security Enhancements | August 27, 2025 (¶ 76) |
| Deadline for Class Counsel to File Motions for Fees, Costs, Expenses, Service Awards | October 13, 2025 (¶¶ 97, 99) |
| Potential Reminder Notice | October 27, 2025 (¶ 77) |
| Objection Deadline | October 27, 2025 (¶ 32) |
| Opt-Out Deadline | October 27, 2025 (¶ 33) |
| Claims Admin to Provide List of Opt-Outs and Objections | November 6, 2025 (¶ 81.viii) |
| Claims Deadline | November 25, 2025 (¶ 11) |
| Motion by Class Counsel for Final Approval Order and Judgment | December 1, 2025 (¶ 86) |
| Initially Approved and Rejected Claims Lists | December 5, 2025 (¶ 81.ix) |
| Final Approval Hearing | December 15, 2025 (¶ 86) |
| Challenges to Claims | December 19, 2025 (¶ 75) |
| Effective Date | 10 Days After Expiration of the Time to Appeal the Final Approval Order and Judgment (¶¶ 19, 22) |
| Payment to Claims Administrator of Remaining Settlement Fund Amount | Within 14 Days of Effective Date (¶ 54) |
| Payment of Attorneys' Fees & Expenses | Within 30 Days of Effective Date (¶ 99) |
| Payment of Service Awards | Within 30 Days of Effective Date (¶ 97) |
| Distribution of Credit Monitoring Enrollment Instructions | Within 45 Days of Effective Date (¶ 60.iii) |
| Payment for Approved Claims | Later of 45 Days After Effective Date, or 30 Days After Claim Approved (¶ 65) |
| Settlement Website Deactivation | 90 Days After Effective Date (¶ 50) |
| Expiration of Settlement Checks | 90 Days After Date of Issue (¶ 68) |

10

SO ORDERED.

Dated: Rochester, New York
       August 8, 2025                ENTER:

                                     _____
                                     CHARLES J. SIRAGUSA
                                     United States District Court