UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

| | |
|---|---|
| NICHOLAS MISSO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>THE CANNON CORPORATION d/b/a CANNONDESIGN,<br><br>    Defendant. | Civil Action No. 6:24-cv-06525-CJS |



## [~~PROPOSED~~] FINAL APPROVAL ORDER

Before the Court is Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval"). The Motion for Final Approval seeks approval of the Settlement as fair, reasonable, and adequate. Also before the Court is Plaintiff's Motion for Attorneys' Fees, Costs, and Expenses to Class Counsel, and Service Awards to Plaintiff ("Motion for Attorneys' Fees").

Having reviewed and considered the Settlement Agreement, Motion for Final Approval, and Motion for Attorneys' Fees, and having conducted a Final Fairness Hearing, the Court makes the findings and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Order.

**WHEREAS**, on August 8, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") (Dkt. 19) which, among other things: (a) conditionally certified this matter as a class action, including defining the Class and Class claims, (b) appointed Plaintiff as the Class Representative and appointed Cassandra P.

Miller of Strauss Borrelli PLLC and James Bilsborrow of Weitz & Luxenberg, P.C.; (c) preliminarily approved the Settlement Agreement; (d) approved the form and manner of Notice to the Settlement Class; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Settlement Administrator; and (f) set the date for the Final Fairness Hearing;

**WHEREAS**, on August 8, 2025, pursuant to the Notice requirements set forth in the Settlement Agreement and in the Preliminary Approval Order, the Settlement Class was notified of the terms of the proposed Settlement Agreement, of the right of Settlement Class Members to opt out, and the right of Settlement Class Members to object to the Settlement Agreement and to be heard at a Final Fairness Hearing;

**WHEREAS**, on December 15, 2025, the Court held a Final Approval Hearing to determine, inter alia: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Settlement Agreement; and (2) whether judgment should be entered dismissing the Litigation with prejudice. Prior to the Final Fairness Hearing, a declaration of compliance with the provisions of the Settlement Agreement and Preliminary Approval Order relating to notice was filed with the Court as required by the Preliminary Approval Order. Therefore, the Court is satisfied that Settlement Class Members were properly notified of their right to appear at the Final Fairness Hearing in support of or in opposition to the proposed Settlement Agreement, the award of attorneys' fees, costs, and expenses to Class Counsel, and the payment of a Service Awards to the Class Representative;

**WHEREAS**, the Court not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**WHEREAS**, the Court being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class;

Having given an opportunity to be heard to all requesting persons in accordance with the Preliminary Approval Order, having heard the presentation of Class Counsel and counsel for Defendant, having reviewed all of the submissions presented with respect to the proposed Settlement Agreement, having determined that the Settlement Agreement is fair, adequate, and reasonable, having considered the application made by Settlement Class Counsel for attorneys' fees, costs, and expenses, and the application for Service Awards to the Representative Plaintiff, and having reviewed the materials in support thereof, and good cause appearing:

**IT IS ORDERED** that:

1. Unless otherwise indicated, words spelled in this Order and Judgment Granting Final Approval of Class Action Settlement ("Final Order and Judgment") with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and over all claims raised therein and all Parties thereto, including the Settlement Class.

3. The Settlement involves allegations in Plaintiff's Class Action Complaints against Defendant for alleged failure to implement or maintain adequate data security measures and safeguards to protect Private Information, which Plaintiff alleges directly and proximately caused injuries to Plaintiff and Settlement Class Members.

4.      Defendant denies the allegations in Plaintiff's Class Action Complaints. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

5.      The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties pursuant to Federal Rule of Civil Procedure 23(e)(2), grants final approval of the Settlement Agreement and for purposes of the Settlement Agreement and this Final Order and Judgment only, the Court hereby finally certifies the following Settlement Class:

> All individuals residing in the United States whose PII was compromised in the Data Incident that occurred in January 2023, including all those individuals who received notice of the Data Incident.

Specifically excluded from the Settlement Class are:

> (1) the judge presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, directors, and employees; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

6.      The Settlement was entered into in good faith following arm's length negotiations and is non-collusive. The Settlement is in the best interests of the Settlement Class and is therefore approved. The Court finds that the Parties faced significant risks, expenses, delays, and uncertainties, including as to the outcome, including on appeal, of continued litigation of this complex matter, which further supports the Court's finding that the Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well as the expense associated with it, weigh in favor of approval of the settlement reflected in the Settlement Agreement.

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. Claims Administration as outlined in the Settlement Agreement whereby Settlement Class Members can submit claims that will be evaluated by a Settlement Administrator;

    b. All costs of Claims Administration shall be paid from the Settlement Fund, including the cost of the Settlement Administrator, instituting Notice, processing and administering claims, and preparing and mailing checks; and

    c. Subject to the approval and award of the Court, the reasonable attorneys' fees, costs, and expenses of Class Counsel and a Service Awards to the Class Representative shall be paid from the Settlement Fund.

The Court readopts and incorporates herein by reference its preliminary conclusions as to the satisfaction of Federal Rule of Civil Procedure 23(a) and (b)(3) set forth in the Preliminary Approval Order and notes that because this certification of the Settlement Class is in connection with the Settlement Agreement rather than litigation, the Court need not address any issues of manageability that may be presented by certification of the class proposed in the Settlement Agreement.

8. The terms of the Settlement Agreement are fair, adequate, and reasonable and are hereby approved, adopted, and incorporated by the Court. Notice of the terms of the Settlement, the rights of Settlement Class Members under the Settlement, the Final Fairness Hearing, Plaintiff's application for attorneys' fees, costs, and expenses, and the Service Awards payment to the Class Representative have been provided to Settlement Class Members as directed by this Court's Orders, and proof of Notice has been filed with the Court.

9. The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and other applicable law.

10. The Court finds that Defendant have fully complied with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

11. As of the Opt-Out deadline, October 27, 2025, zero potential Settlement Class Members have requested to be excluded from the Settlement.

12. Zero objections were filed by Settlement Class Members.

13. All Settlement Class Members who have not objected to the Settlement Agreement in the manner provided in the Settlement Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

14. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Fairness Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

15. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Final Order and Judgment and the terms of the Settlement Agreement.

16. Pursuant to the Settlement Agreement, Defendant, the Settlement Administrator, and Class Counsel shall implement the Settlement in the manner and timeframe as set forth therein.

17. Within the time period set forth in the Settlement Agreement, the relief provided for in the Settlement Agreement shall be made available to the various Settlement Class Members submitting valid Claim Forms, pursuant to the terms and conditions of the Settlement Agreement.

18. Pursuant to and as further described in the Settlement Agreement, Plaintiff and the Settlement Class Members release claims as follows:

> Upon Final Approval of this Settlement Agreement, Releasors release, acquit, and forever discharge Defendant and each of its present and former parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, Board of Trustees, and the present and former directors, officers, employees, agents, insurers, shareholders, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, entities managed by Defendant, retailers, any entities with whom Defendant contracted that, on behalf of Defendant, held data involved in the Data Incident, who is, was or could have been named as a defendant in any of the actions in the Litigation, and the predecessors, successors, and assigns of each of them as well as covered entities associated with the Data Incident ("Released Parties") from all past, present, and future liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to the Data Incident, and conduct that was alleged or could have been alleged in the Litigation, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the Data Incident (the "Released Claims"), provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the Data Incident.

19. The Court grants final approval to the appointment of Plaintiff as Class Representative. The Court concludes that the Class Representative has fairly and adequately represented the Settlement Class and will continue to do so.

20. Pursuant to the Settlement Agreement, and in recognition of his efforts on behalf of the Settlement Class, the Court approves a payment to the Class Representative in the amount of $5,000 as a Service Award. Such payment shall be made from the Settlement Fund in accordance with the terms of the Settlement Agreement.

21. The Court grants final approval to the appointment of Cassandra P. Miller of Strauss Borrelli PLLC and James Bilsborrow of Weitz & Luxenberg, P.C. as Class Counsel. The Court concludes that Class Counsel has adequately represented the Settlement Class and will continue to do so.

22. The Court, after careful review of the fee petition filed by Class Counsel, and after applying the appropriate standards required by relevant case law, hereby grants Class Counsel's application for attorneys' fees in the amount of $179,166.67. Reasonable costs and expenses of $3,147.87 are also hereby awarded. Payment shall be made pursuant to the terms of the Settlement Agreement.

23. This Final Order and Judgment and the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement are not, and shall not be construed as, used as, or deemed to be evidence of, an admission by or against Defendant of any claim, any fact alleged in the Litigation, any fault, any wrongdoing, any violation of law, or any liability of any kind on the part of Defendant or of the validity or certifiability for litigation of any claims that have been, or could have been, asserted in the lawsuit. This Final Order and Judgment, the Settlement Agreement, and all acts, statements, documents, or proceedings relating to the Settlement Agreement shall not be offered or received or be admissible in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Plaintiff, any Settlement Class Member, or any other

person has suffered any damage; provided, however, that the Settlement Agreement and this Final Order and Judgment may be filed in any action by Defendant, Class Counsel, or Settlement Class Members seeking to enforce the Settlement Agreement or the Final Order and Judgment (including, but not limited to, enforcing the releases contained herein). The Settlement Agreement and Final Order and Judgment shall not be construed or admissible as an admission by Defendant that Plaintiff's claims or any similar claims are suitable for class treatment. The Settlement Agreement's terms shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits or other proceedings as to Released Claims and other prohibitions set forth in this Final Order and Judgment that are maintained by, or on behalf of, any Settlement Class Member or any other person subject to the provisions of this Final Order and Judgment.

24.     If the Effective Date, as defined in the Settlement Agreement, does not occur for any reason, this Final Order and Judgment and the Preliminary Approval Order shall be deemed vacated, and shall have no force and effect whatsoever; the Settlement Agreement shall be considered null and void; all of the Parties' obligations under the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment and the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc*, and the Parties shall be restored to their respective positions in the Litigation, as if the Parties never entered into the Settlement Agreement (without prejudice to any of the Parties' respective positions on the issue of class certification or any other issue). In such event, the Parties will jointly request that all scheduled Litigation deadlines be reasonably

extended by the Court so as to avoid prejudice to any Party or Party's counsel. Further, in such event, Defendant will pay amounts already billed or incurred for costs of notice to the Settlement Class, and Claims Administration, and will not, at any time, seek recovery of same from any other Party to the Litigation or from counsel to any other Party to the Litigation.

25. Pursuant to *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 382 (1994) and the parties' agreement, this Court shall retain the authority to issue any order necessary to protect its jurisdiction from any action, whether in state or federal court.

26. Without affecting the finality of this Final Order and Judgment, the Court will retain jurisdiction over the subject matter and the Parties with respect to the interpretation and implementation of the Settlement Agreement for all purposes.

27. This Order resolves all claims against all Parties in this action and is a final order.

28. The above-captioned action is hereby dismissed with prejudice and without costs except as provided in the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: DEC. 15, 2025

*[Signature]*
Charles J. Siragusa
United States
District Judge